UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LOUISIANA PROTEINS INC. | CIVIL ACTION NO. 08-0334 |
| versus | JUDGE HICKS |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**
(Notice of Constitutional Challenge to State Statute)

Plaintiff's complaint includes an allegation that this civil action questions the constitutionality of Act 340 of the 2007 Regular Session of the Louisiana Legislature, codified as La. R.S 30:2055.2.

F.R.C.P. 5.1, enacted December 1, 2006, implemented 28 U.S.C. § 2403 and replaced similar provisions previously found in F.R.C.P. 24(c). The rule provides, in part, as follows:

> **(a) Notice by a Party**. A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:
>
> (1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:
>
> \*\*\*
>
> (B) a state statute is questioned and neither the state nor any of its agencies, officers, or employees is a party in an official capacity; and
>
> (2) serve the notice and paper on ... the state attorney general if a state statute is challenged -- either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.
>
> **(b) Certification by the Court**. The court must, under 28 U.S.C. § 2403, certify to the ... state attorney general that there is a constitutional challenge to

a state statute.

**(c) Intervention**; Final Decision on the Merits. Unless the court sets a later time, the attorney general may intervene within 60 days after the notice of constitutional question is filed or after the court certifies the challenge, whichever is earlier. Before the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional.

Plaintiff states in paragraphs 13-14 notice of the constitutional attack, and it alleges that it has served notice of its complaint, by certified mail on the Louisiana Attorney General. Plaintiff should file evidence of the mailing upon receipt of confirmation of delivery.

In accordance with Rule 5.1(b), which supplements the notice provided by the plaintiff in a case, the court hereby certifies to the Louisiana Attorney General that there is a constitutional challenge to Act 340 of the 2007 Regular Session of the Louisiana Legislature, codified as La. R.S 30:2055.2. Plaintiff is directed to immediately serve a copy of this certification on the Louisiana Attorney General and promptly file a certification or other evidence of that service.

In accordance with Rule 5.1(c), the Louisiana Attorney General will be allowed 60 calendar days from the date Plaintiff serves this certification to file a motion for leave to intervene, which must be accompanied by a proposed complaint-in-intervention, a statement of consent required by Local Rule 7.6W, and a proposed order that would grant the motion.

If the Louisiana Attorney General does *not* intend to intervene, the court would appreciate prompt notice to that effect so that scheduling is not unduly delayed. Such notice

may be provided by letter to the undersigned at 300 Fannin Street, Suite 4300, Shreveport, LA 71101.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 14th day of March, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE