UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LOUISIANA PROTEINS, INC. | CIVIL ACTION NO. 08-cv-0334 |
| VERSUS | JUDGE HICKS |
| CITY OF SHREVEPORT, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

**Introduction**

Before the court are two **Motions to Compel** filed by Plaintiff. Docs. 45 and 50. For the reasons that follow, the motions to compel are **granted in part** and **denied in part**.

**Appointment Books and Calendars**

Plaintiff's Request for Production of Documents No. 1 provides:

> Please produce any and all appointment books, calendars (paper and electronic), date planners, diaries, notes of any appointments, including those maintained by secretaries and/or assistants, for the years 2005 to present, including any and all documents that relate in any way or reflect any appointment, meetings, plans for meetings, or discussions of meetings, whether for personal or business matters and whether contained on city computers or personal computers.

Defendants responded with an objection that simply stated that the information requested was "overly broad, unduly burdensome, and constitutes an unwarranted invasion of privacy."

Defendants' objections are overruled as set forth below. The court finds that any discussions that the Mayor and City Council members may have had with each other or any

other person relative to Louisiana Proteins or its business operations are relevant to Plaintiff's claim that the Mayor and Council members wrongfully used their status and powers as public officials in an attempt to put Plaintiff out of business. In response to Interrogatory No. 6, which asked Defendants about any discussions they may have had with any other person about Plaintiff or its business operations, Councilman Lester, Councilman Walford, Councilman Wooley, and Mayor Glover all admitted having such discussions, although the exact dates, times, locations, and identities of the other persons involved were not known. Councilwoman Bowman, Councilman Shyne, Councilman Long, and Councilman Webb responded that they did not recall having such discussions with any person other than during a Shreveport City Council meeting. Defendants' calendars and appointment books may reveal the dates, times, and participants of meetings regarding Plaintiff or its business operations, including meetings or appointments that the Defendants currently do not recall.

Accordingly, Plaintiff's Motion to Compel (Doc. 50) is **granted** on the following terms: Mayor Glover and Council members Lester, Walford, Long, Wooley, Webb, Shyne, and Bowman are ordered to produce to Plaintiff all (1) appointment books, (2) day planners, (3) notes of appointments, and (4) calendars (whether maintained on paper or on computer) reflecting their appointments or meetings for the years 2005 to the date of this order.

To address privacy concerns, Defendants may, if they wish, redact from the documents any notations regarding birthdays, anniversaries, and medical information (such

as doctor appointments) relating to them or their families. No other redactions shall be made except by agreement of the parties or further order of the court. Purely personal diaries need not be produced unless they contain a reference to Plaintiff. The appointment books, day planners, notes of appointments, and calendars produced hereunder shall be deemed "confidential" in accordance with the terms of the Protective Order (Doc. 91) recently entered by the court. Defendants' supplemental production is due to counsel for Plaintiff no later than **February 27, 2009**, unless otherwise agreed by the parties.

**Defendants' Privilege Log of Withheld Emails**

Plaintiff's other Motion to Compel (Doc. 45) lodges numerous complaints against Defendants' privilege log, including timeliness, sufficiency of the descriptions of the emails in question, and discrepancies between the September 18, 2008 Revised Privilege Log and the earlier Pubic Records Privilege Log. After considering all of the arguments of the parties, the court finds that an in-camera review of the approximately 238 emails listed on the September 18, 2008 Revised Privilege Log is necessary. Defendants are directed to produce an unredacted copy of the emails, which shall be grouped and numbered to coincide with the groups and numbers reflected on the Revised Privilege Document Log. In the cover letter to the undersigned, counsel for Defendants shall explain to the court the basis for dividing the emails into the groups as shown in the Log. The emails shall be provided to the undersigned by **February 27, 2009**.

The court is also concerned about the discrepancy between the emails listed in the Pubic Records Privilege Log and the emails listed on the September 18, 2008 Revised Privilege Log. The Public Records Privilege Log identified approximately 300 emails which were withheld based on attorney-client privilege or work-product immunity. In contrast, the September 8, 2008 Revised Privilege Log identifies only about 238 withheld emails. (The Revised Privilege Log actually lists more than 238 withheld emails because some of the emails are identified by the same number but with designations such as 100a, 100b, and 100c.)

Defendants' Memorandum in Opposition to the Motion to Compel states, among other things, that "[i]f 70 more emails were referenced by the City in a public records response as being withheld that is not an issue for the Court regarding this matter." Brief at p. 11. The undersigned disagrees with that contention, because the discrepancy over the 70 emails leads to uncertainty regarding whether those emails exist, have been produced, or are being withheld. If those 70 or so emails are no longer claimed as privileged, they must be produced (if not already produced). If counsel for Plaintiff has identified which of the 70 or so emails are listed in the Public Records Privilege Log but not the Revised Privilege Log, they should promptly provide that information to counsel for Defendants to facilitate the production of those emails to Plaintiff. The deadline for Defendants to produce the missing emails (or otherwise explain the discrepancy in the two privilege logs) is **March 13, 2009**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of February, 2009.

```
          MARK L. HORNSBY
   UNITED STATES MAGISTRATE JUDGE
```